UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JAMES TOMZEK,

           Plaintiff,           Case No. 1:08-cv-635

v.                                         Honorable Janet T. Neff

(UNKNOWN) BLATTER et al.,

           Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Keener*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

    I.    <u>Factual allegations</u>

Plaintiff currently is incarcerated at the Cooper Street Correctional Facility but complains of events that occurred at the Florence Crane Correctional Facility (ACF). In his *pro se* complaint, Plaintiff sues ACF Corrections Officer (Unknown) Blatter, ACF Resident Unit Officer (Unknown) Budzinski, and ACF Assistant Resident Unit Manager (ARUM) Daniel Schoenfeld for violating his First and Fourteenth Amendment rights.

On February 13, 2008, Officers Budzinski and Blatter conducted a shakedown of Plaintiff's cell. During the shakedown, Officers Budzinski and Blatter removed Plaintiff's typewriter, and several legal documents and law books, because they believed that Plaintiff was involved in the operation of a business in violation of Michigan Department of Corrections (MDOC) policy.[1] After the shakedown, Plaintiff immediately requested a hearing.

On February 28, 2008, ARUM Schoenfeld held an administrative hearing. At the hearing, ARUM Schoenfeld determined:

> [D]uring a shakedown of prisoner Tom[zek]'s property, mail was found which referred to possible contraband forms and documents stored in the memory of Tom[zek]'s typewriter. Tom[zek]'s typewriter was confiscated to search the memory. During the shakedown[,] 21 plastic bound books/manuals and 45 manilla envelop[e]s of misc[ellaneous] paperwork and mail were also confiscated. These items are being further searched and are believed to be involved in the operation of a business. PD. 05.03.118 prohibits prisoners from possession [of] mail for the purpose of operating a business enterprise from within the facility.

(Compl. at 2.) At the hearing, Plaintiff explained that he did not know where those forms came from but stated that he would delete those "forms" from his typewriter. (*Id.*) Plaintiff also said that he

---

[1]MICH. DEP'T. OF CORR., Policy Directive 05.03.118, ¶ D(7) (effective Jan. 1, 2006) prohibits prisoners from possessing mail for the purpose of operating a business enterprise within the prison.

- 2 -

never used Uniform Commercial Code (UCC) forms against prison staff. (*Id.*) ARUM Schoenfeld eventually returned several items to Plaintiff but removed the forms from Plaintiff's typewriter and disposed of several other documents, which allegedly violated MDOC policy.

Plaintiff filed a Step I grievance for the confiscation of his legal property. The MDOC denied his Step I grievance. Plaintiff requested a Step II appeal form twice to no avail. He also sent a complaint to the Grievance Director regarding his inability to receive a Step II form but he never received a reply.

In his complaint, Plaintiff alleges several constitutional violations. First, Plaintiff states that Defendants denied him his First Amendment right to a meaningful and fair grievance process. Second, Plaintiff argues that Defendants violated his rights under the First and Fourteenth Amendments to access materials related to the UCC, "which regulates commercial transactions, which are needed to challenge his criminal convictions, sentence, and other conditions of his confinement." (Compl. at 4.) Third, Defendants allegedly violated Plaintiff's rights under the First and Fourteenth Amendments to access the courts "by taking his legal material chattel for filing in pending state and federal court[s]." (*Id.* at 3.) Fourth, Defendants deprived Plaintiff of his rights under the Equal Protection Clause. (*Id.* at 4.) Based on the allegations in Plaintiff complaint, this Court also construed a due process claim for the deprivation of Plaintiff's property from the shakedown of his cell. *See Haines*, 404 U.S. at 520.

For relief, Plaintiff requests compensatory and punitive damages.

II. <u>Failure to state a claim</u>

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A.   **Access to the Courts**

Prisoners have a fundamental right of access to the courts protected under the First and Fourteenth Amendments. *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir. 1996). The principal issue in *Bounds* was whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Bounds*, 430 U.S. at 817. The Court further noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id.* at 824-25. The right to access the courts, however, may be limited by legitimate penological goals, such as maintaining security or preventing safety hazards. *See Acord v. Brown*, No. 91-1865, 1992 WL 58975, at *1 (6th Cir. Mar. 26, 1992); *Wagner v. Rees*, No. 85-5637, 1985 WL 14025, at *1 (6th Cir. Nov. 8, 1985).

In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis*, 518 U.S. at 349; *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop v. Johnson*, 977 F.2d 996, 1000 (6th Cir. 1992); *Ryder v. Ochten*, No. 96-2043, 1997 WL 720482, at *1-2 (6th Cir. Nov. 12, 1997). In other words, a plaintiff must plead and demonstrate that the conduct alleged has hindered, or is presently hindering, his efforts to pursue a nonfrivolous pending or contemplated legal claim. *Lewis*, 518 U.S. at 351-53; *see also Pilgrim*, 92 F.3d at 416; *Dellis v. Corr. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir. 2001). The Supreme Court has strictly limited the types of cases for which there may be an actual injury:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355. "Thus, a prisoner's right to access the courts extends to *direct appeals, habeas corpus applications, and civil rights claims only*." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc) (emphasis added). Moreover, the underlying action must have asserted a non-frivolous claim. *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (*Lewis* changed actual injury to include requirement that action be non-frivolous).

Plaintiff fails to make a viable access to the courts claim because he cannot show the required actual injury. In his complaint, Plaintiff alleges actual injury as follows (verbatim):

> The Defendants herein had / has subjected prisoner to actual injury and prejudice, by taking his legal material chattel for filing in pending state and federal court. The Defendants herein did act with disregard to the prisoners pending legal actions, therefore Plaintiff / Prisoners rights under the First and Fourteenth Amendments of

> access to the courts, means the opportunity to prepare, serve and file whatever pleading, etc. . . or other document(s) for commencement and to prosecute court proceedings.

(Compl. at 3.) Plaintiff appears to argue that Defendants' have hindered his UCC actions and other vague "pending legal" actions. (*Id.*) UCC actions are not the type of claims protected by the right of access to the court, i.e., direct appeals from convictions, habeas petitions, or civil rights actions. *See Lewis*, 518 U.S. at 353-54; *Thaddeus-X*, 175 F.3d at 391. Therefore, UCC actions do not qualify as an "actual injury." Plaintiff's inability to become a "litigating engine" is "simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *See Lewis*, 518 U.S. at 353-54. Because Plaintiff cannot show actual injury, I recommend that his access-to-the-courts allegations be dismissed with prejudice for failure to state a claim.

### B. **Grievance Process**

Plaintiff asserts that he was denied his First Amendment right to access the courts because prison officials did not provide him with a "meaningful [] and fair grievance process." (Compl. at 3.) Plaintiff alleges that he never obtained a Step II grievance form after submitting multiple requests to several prison officials. For an access-to-the-courts claim, the plaintiff must demonstrate actual injury to pending or contemplated litigation. *Dellis*, 257 F.3d at 511 (citing *Lewis*, 518 U.S. at 351). Plaintiff has not alleged any "actual injury" for failing to file a grievance. Plaintiff did not submit that a lawsuit has been dismissed for failure to exhaust or any other injury to pending or completed litigation.

It appears that Plaintiff's true objection is that the prison officials failed to provide him with a Step II grievance. While the Sixth Circuit has held that a prisoner has a First Amendment right not to be subjected to retaliation for filing a grievance, *see Herron v. Harrison*,

203 F.3d 410, 415 (6th Cir. 2000); *Shehee v. Lutrell,* 199 F.3d 295, 300-01 (6th Cir. 1999); *Scotts v. Kilchermann,* No. 99-1711, 2000 WL 1434456, at *2 (6th Cir. Sept. 18, 2000), the court has never recognized a free-standing First Amendment right to file a grievance. The courts, including the Sixth Circuit, squarely have held that there is no due process right to an effective grievance procedure. *See Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Plaintiff does not allege that he was subjected to retaliation for filing a grievance. He alleges only a free-standing right to file his grievance.

In addition, even if Plaintiff had been improperly prevented from filing a grievance, his right of access to the courts to petition for redress of his grievances (i.e., by filing lawsuit) cannot be compromised by his inability to file institutional grievances. *See, e.g.*, *Lewis*, 518 U.S. at 349; *Bounds*, 430 U.S. at 821-24. The exhaustion requirement only mandates exhaustion of available administrative remedies. *See* 42 U.S.C. § 1997e(a). If Plaintiff were improperly denied access to the grievance process, the process would be rendered unavailable, and exhaustion would not be a prerequisite for initiation of a civil rights action. In light of the foregoing, the Court finds that Plaintiff fails to state a cognizable claim.

        C.    **Property Seizure**

Reading Plaintiff's complaint liberally, *see Haines*, 404 U.S. at 520, this Court construes a Fourteenth Amendment due process claim for the seizure of Plaintiff's property during the shakedown of his cell. The Fourteenth Amendment provides, in part, that "[n]o State shall ...

deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. Procedural due process generally requires that the state provide a person with notice and an opportunity to be heard before depriving that person of a property or liberty interest. *Zinermon v. Burch*, 494 U.S. 113, 127 (1990); *see also Thompson v. Ashe*, 250 F.3d 399, 407 (6th Cir. 2001) ("Courts have long recognized that the Fourteenth Amendment requires that an individual who is deprived of an interest in liberty or property be given notice and a hearing.").

Where a pre-deprivation hearing is impractical, a post-deprivation hearing may be constitutionally adequate. *Zinermon*, 494 U.S. at 128. A pre-deprivation hearing would have been impractical because of the prison's legitimate penological need to seize contraband immediately upon discovery. *See Pearce v. Sapp*, No. 97-6373, 1999 WL 503568, at *2 (6th Cir. July 9, 1999). Plaintiff received a post-deprivation administrative hearing. Moreover, numerous state post-deprivation remedies are available to him. First, a prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation. MICH. DEP'T OF CORR., Policy Directive 04.07.112, ¶ B (effective Nov. 15, 2004). Aggrieved prisoners may also submit claims for property loss of less than $1,000 to the State Administrative Board. MICH. COMP. LAWS § 600.6419; Policy Directive, 04.07.112, ¶ B. Alternatively, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies." MICH. COMP. LAWS § 600.6419(1)(a). The Sixth Circuit has specifically held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995). Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the

deprivation, either negligent or intentional, of his personal property. Accordingly, Plaintiff fails to state a due process claim.

### D. **Equal Protection Clause**

In his complaint, Plaintiff alleges that Defendants deprived him of equal protection of the laws. (Compl. at 4.) Plaintiff did not provide any support for his equal protection claim. The Equal Protection Clause of the Fourteenth Amendment commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. When a law adversely impacts a "suspect class" such as one defined by race, alienage, or national origin, or invades a "fundamental right" such as speech or religious freedom, the rigorous "strict scrutiny" standard governs, whereby such laws "will be sustained only if they are suitably tailored to serve a compelling state interest." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985).

Prisoners are not a suspect class. *See Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir.1998); *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). Further, there is no fundamental right to UCC material. Because neither a fundamental right nor a suspect class is at issue, the rational basis review standard applies. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby,* 470 F.3d 286, 298 (6th Cir. 2006). "Under rational basis scrutiny, government action amounts to a constitutional violation only if it 'is so unrelated to the achievement of any combination of legitimate purposes that the court can only conclude that the government's actions were irrational.'" *Id.* (quoting *Warren v. City of Athens,* 411 F.3d 697, 710 (6th Cir. 2005)). The plaintiffs bear the burden of demonstrating that the government lacks a rational basis, and they may satisfy this burden either by negating "'every conceivable basis which might support the government

action, or by demonstrating that the challenged government action was motivated by animus or ill-will.' " *Id.* (quoting *Warren,* 411 F.3d at 711).  The State, conversely, bears no burden of proof; its legislative choice is presumptively valid and " 'may be based on rational speculation unsupported by evidence or empirical data.' " *Id.* (quoting *Trihealth, Inc. v. Bd. of Comm'rs,* 430 F.3d 783, 790 (6th Cir. 2005)).

The MDOC's legitimate security concern of an inmate operating a business within the prison provided a rational basis for the decision to remove Plaintiff's UCC materials.  Further, conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983.  *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (citing *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986)); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000). Consequently, Plaintiff fails to state claim under the Equal Protection Clause.

**Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Date:  September 18, 2008                     /s/ Ellen S. Carmody
                                              ELLEN S. CARMODY
                                              United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).