UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES TOMZEK,

    Plaintiff,                                        Case No. 1:08-cv-635

v                                                  HON. JANET T. NEFF

(UNKNOWN) BLATTER et al.,

    Defendants.
_____/

**JUDGMENT**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. On September 18, 2008, the Magistrate Judge filed a Report and Recommendation, recommending that the action be dismissed upon initial screening pursuant to 28 U.S.C. § 1915A(b) on grounds that the complaint failed to state a claim. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Judgment. *See* FED. R. CIV. P. 58.

Plaintiff's objections are titled Plaintiff's Motion for Relief from Judgment and Objections to the Report and Recommendation (Dkt 9). The motion for relief from judgment is simply a request that the Report and Recommendation be rejected.

Plaintiff's first objection states that the Magistrate Judge did not consider legal papers that are attached to his complaint. Plaintiff contends that the legal papers show that he had a pending habeas appeal that was impaired when Defendants confiscated his legal materials. Further, Plaintiff alleges that the impairment of his habeas appeal is an actual injury resulting from the violation of his right to access the courts.

The Magistrate Judge correctly concluded that in order for Plaintiff to state a cognizable claim for interference with access to the courts, Plaintiff must plead that Defendants' conduct hindered his ability to pursue a non-frivolous, pending or contemplated legal claim. The Magistrate Judge accurately pointed out that a prisoner's right to access the courts applies only to direct appeals, habeas corpus applications, and civil rights claims. Plaintiff did not plead in his complaint or in any attached documents that Plaintiff had a pending habeas appeal that was impeded as a result of the confiscation of his legal materials.

Plaintiff states that the Magistrate Judge applied an improper stringent standard when considering his *pro se* complaint. The Magistrate Judge specifically stated that Plaintiff's complaint was read indulgently. Indeed, the Magistrate Judge construed a Fourteenth Amendment due process claim from the liberal examination of Plaintiff's complaint.

Plaintiff objects to the Magistrate Judge's determination that Plaintiff failed to state a due process claim regarding the seizure of his property. The Magistrate Judge properly determined that Plaintiff received a post-deprivation hearing regarding this matter and accurately points out that a pre-deprivation hearing would have been impractical. Further, the Magistrate Judge enumerates multiple post-deprivation remedies that are available to Plaintiff.

Plaintiff objects to the Magistrate Judge's determination that Plaintiff did not allege an actual injury resulting from his inability to file a Step II grievance. The Magistrate Judge correctly concluded that Plaintiff did not plead that a lawsuit was dismissed for failure to exhaust his claims or that other injury resulted to a pending or completed action. The Magistrate Judge points out that even if Plaintiff was denied access to the grievance process, the process would be considered unavailable and Plaintiff would not be required to exhaust his claims under the process in order to pursue a civil rights action.

Plaintiff raises two additional issues that were not addressed in his complaint. Plaintiff alleges that his access to the courts and his ability to pursue his administrative remedies were impaired by his transfer to another facility. Plaintiff also states that Defendants erroneously confiscated his SCAO and MCRP forms mistaking them for UCC forms. "[I]ssues raised for the first time in objections to [the] magistrate judge's report and recommendation are deemed waived." *See United States v. Waters,* 158 F.3d 933, 936 (6th Cir. 1998) (citing *Marshall v. Chater,* 75 F.3d 1421, 1426-27 (10th Cir. 1996)).

Last, within his objections, Plaintiff requests to amend his complaint in order to specifically identify the pending habeas appeal and to add a retaliation claim. The Court denies this request because Plaintiff fails to explain how his habeas appeal has been adversely affected and how Defendants retaliated against him.

For these reasons and because this action was filed *in forma pauperis*, this Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Judgment would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**THEREFORE, IT IS ORDERED** that the objections (Dkt 9) are DENIED and the Report and Recommendation (Dkt 8) is APPROVED and ADOPTED as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Complaint (Dkt 1) is DISMISSED pursuant to 28 U.S.C. § 1915A(b) for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C § 1915(a) that an appeal of the Judgment would not be taken in good faith.


Date: October 24, 2008                                  /s/ Janet T. Neff
                                                    JANET T. NEFF
                                                    United States District Judge